J-S74016-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
             Appellee : 
:
       v. :
:
ROBERT JOHNSON, :
:
             Appellant : No. 35 EDA 2014

Appeal from the Judgment of Sentence December 11, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0011137-2012

BEFORE:  BENDER, P.J.E, DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED DECEMBER 23, 2014**

Robert Johnson ("Johnson") appeals from the December 11, 2013 judgment of sentence entered by the Philadelphia County Court of Common Pleas.  Upon finding that Johnson waived the issues raised, we dismiss the appeal.

The trial court summarized the factual history of the case as follows:

> [Johnson] was arrested July 11, 2012 after police officers recovered a firearm from a vehicle in which [Johnson] was the front seat passenger. The record from trial shows that Police Officers James Battista and Joseph lnnamorato pulled over a vehicle for a Motor Vehicle Code violation. The driver and [Johnson] showed their hands as police approached the stopped car and then provided the police with their identification[s]. After running the vehicle occupants' names through the computer system in the police car and discovering there was an outstanding warrant for [Johnson]'s arrest,[FN1] the police officers returned to the stopped vehicle. Both officers noticed the driver and [Johnson] reaching

*Retired Senior Judge assigned to the Superior Court.

towards the floor area of the car. Officer Battista asked [Johnson] to put up his hands and exit the vehicle. Officer Battista then observed that the floor mat below where [Johnson] had been sitting was raised and there appeared to be an object underneath it. After placing [Johnson] under arrest based upon his outstanding warrant, Officer Battista looked under the floor mat and recovered a black .45 caliber handgun loaded with nine live rounds of ammunition. The driver of the vehicle was also placed under arrest and police recovered narcotics from his person. (N.T. 7/17/13, p. 51-85, 130).

On July 17-18, 2013, [Johnson] appeared before this [c]ourt for a trial by jury. Although [Johnson] initially was charged with three violations of the Uniform Firearms Act: Carrying a Firearm Without a License (18 Pa.C.S. § 6106), Carrying Firearms on Public Streets or Public Property in Philadelphia (18 Pa.C.S. § 6108); and Persons Not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms (18 Pa.C.S. § 6105), the Commonwealth chose to proceed on only the § 6105 charge. [Johnson] stipulated at trial that he belonged to a class of persons not permitted to carry firearms. (N.T. 7/7/13, p. 162). The jury found [Johnson] guilty.

On December 11, 2013, this [c]ourt sentenced [Johnson] to 5 to 10 years [of] state incarceration, to be served consecutively to any other sentence. As conditions of his sentence, he was ordered to undergo random urinalysis, obtain his GED, complete a job training program, attend drug treatment, seek and maintain employment, stay out of trouble with the law, and pay mandatory court costs. (N.T. 12/11/13, p. 19).

_____

[FN]1 This fact was not made known to the jury. Instead, Officer Battista simply testified that he returned to the car "[b]ased on information that [he] received after running [Johnson]'s name through the computer." (N.T. 7/17/13, p. 59).

Trial Court Opinion, 5/30/14, at 1-2 (footnote in the original).

Johnson filed a timely notice of appeal, followed by a court-ordered concise statement of errors complained of on appeal. He raises the following issues for our review:

> A. Did the [trial c]ourt err in allowing a jury trial to proceed with only the VUFA 6105 charge, when [Johnson] was also charged with VUFA 6106 and 6108, and stipulated that he was in a class of citizens barred from ever legally possessing a firearm due to a prior conviction[?] Under the particular circumstances of this case, the VUFA 6105 charge should have been severed and decided separately from the other two charges to avoid undue prejudice. The case was a constructive possession case[;] therefore, if the jury would have found [Johnson] guilty of VUFA 6106, then the severed part of the case would have been very easy to stipulate to the former conviction and have the jury deliberate (probably for 2 minutes) that [Johnson] was also guilty of VUFA 6105. There was a stipulation that the firearm was operable, so that added element to VUFA 6106 as opposed to VUFA 6105 would not have resulted in any confusion for the jury.
>
> B. Did the [trial c]ourt err by not giving a curative instruction at any point during the trial or at the opening and closing statement of the Assistant District Attorney, where that attorney inappropriately referred to [Johnson] legally not being able to possess a firearm, and referring to the State Legislature putting [Johnson] in a category of people who cannot possess a firearm[?]

Johnson's Brief at 3.

Johnson's lengthy first issue boils down to a simple claim – that the Commonwealth should not have been permitted to withdraw the charge of carrying a firearm without a license[1] and proceed solely on the charge of possession of a firearm by a prohibited person.[2]  Rather, according to

---

[1]  The Uniform Firearms Act defines carrying a firearm without a license as follows:

> (1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.
>
> (2) A person who is otherwise eligible to possess a valid license under this chapter but carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6106(a) (footnote omitted).

[2]  Section 6105(a) of the Uniform Firearms Act defines possession of a firearm by a prohibited person as follows:

> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

Johnson, the trial court should have required the Commonwealth to try him on both charges and bifurcated the verdict so that the jury was required to determine whether he carried a firearm without a license, and only then consider whether he was a person prohibited from carrying a firearm. Johnson's Brief at 8, 12-13. The Commonwealth contends that this claim is waived, as Johnson failed to object at the time the Commonwealth informed the trial court that it was proceeding solely on the prohibited person charge. Commonwealth's Brief at 6-7.

"[T]o preserve a claim of error for appellate review, a party must make a specific objection to the alleged error before the trial court in a timely fashion and at the appropriate stage of the proceedings; failure to raise such objection results in waiver of the underlying issue on appeal." **Commonwealth v. Akbar**, 91 A.3d 227, 235 (Pa. Super. 2014) (citations omitted). In violation of our Rules of Appellate Procedure, Johnson fails to identify in his appellate brief where in the record he preserved the issue raised. **See** Pa.R.A.P. 2117(c), 2119(e). Indeed, Johnson does not claim to

---

(2)(i) A person who is prohibited from possessing, using, controlling, selling, transferring or manufacturing a firearm under paragraph (1) or subsection (b) or (c) shall have a reasonable period of time, not to exceed 60 days from the date of the imposition of the disability under this subsection, in which to sell or transfer that person's firearms to another eligible person who is not a member of the prohibited person's household.

18 Pa.C.S.A. § 6105(a).

have raised the issue before the trial court. ***See generally*** Johnson's Brief at 7-13. The law is well settled that issues not raised before the trial court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a); ***see also Commonwealth v. Williams***, 980 A.2d 667, 671 (Pa. Super. 2009) (finding an argument raised on appeal waived based upon the appellant's failure to identify where in the record he raised the argument before the trial court).

Although not the duty of this Court when conducting appellate review, we nonetheless scoured the record in an attempt to discern where, if at all, Johnson preserved this issue for our review. Our search proved fruitless, as the certified record on appeal does not include a transcription of the Commonwealth withdrawing the charge of carrying a firearm without a license.

> It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case. It is also well[]settled in this jurisdiction that it is Appellant's responsibility to supply this Court with a complete record for purposes of review. A failure by Appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined.

***Commonwealth v. Martz***, 926 A.2d 514, 524-25 (Pa. Super. 2007) (internal citations omitted). Therefore, we find this issue waived.

As his second issue on appeal, Johnson asserts that the trial court erred by failing to provide a curative instruction to the jury regarding the

- 6 -

Commonwealth's opening statement, during which the Commonwealth said: "This defendant, Robert Johnson, can never own, possess, control[, or] carry a firearm, a gun, a handgun, a rifle, any kind of gun, ever, never [sic]." N.T. 7/17/13, at 36. He baldly states that this amounted to "prosecutorial misconduct" and that the trial court's failure to address this with the jury "was gross error," depriving Johnson of "his right to a fair and impartial trial guaranteed under the laws of the Commonwealth of Pennsylvania and the United States of America." Johnson's Brief at 14. He does not develop any argument in support of these claims, nor does he cite to any legal authority. The Commonwealth again asserts that this issue is waived for a number of reasons, one of which is Johnson's failure to cite to a single legal authority in support of his argument or engage in any meaningful analysis. Commonwealth's Brief at 9.

Rule of Appellate Procedure 2119(a), governing the argument section of an appellate brief, requires: "The argument … shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "This Court is neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter." **Commonwealth v. B.D.G.**, 959 A.2d 362, 371-72 (Pa. Super. 2008) (*en banc*) (internal citations omitted). Thus, where an appellant cites

- 7 -

no legal authorities and fails to develop meaningful analysis of the argument raised, the issue is waived for lack of development. ***Commonwealth v. Antidormi***, 84 A.3d 736, 754 (Pa. Super. 2014), *appeal denied,* 95 A.3d 275 (Pa. 2014).

Johnson's violations of the Rules of Appellate Procedure leave us with no issues to review on appeal.

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. We therefore dismiss his appeal.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2014